# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:21CV401-GCM

| | | |
|---|---|---|
| HEATH BARTLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| VS. | ) | |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER COMES** before this Court on Plaintiff's Motion for Summary Judgment (Doc. No. 11) and Commissioner's Motion for Summary Judgment (Doc. No 13). Having carefully considered the motions and reviewed the record, the Court enters the following findings, conclusions, and Order.

## I.     BACKGROUND

The procedural history of this matter is as stated in the Commissioner's memorandum of law supporting the Commissioner's Motion for Summary Judgment.

The ALJ's findings relevant to this proceeding are as follows: Plaintiff has not engaged in substantial gainful activity since his alleged onset date. (Tr. 18). Plaintiff has severe impairments of Wegener's Granulomatosis with polyangititis, Crohn's disease, stage-II chronic kidney disease, and obesity. (Tr. 17). However, Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1.  (Tr. 19).

1

After consideration of the entire record, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work with certain limitations, including "ready access to a restroom." (Tr. 19). The ALJ found in the fourth step that Plaintiff could perform his past work as a medical records clerk. (Tr. 25) Alternatively, at the fifth step, the ALJ concluded based on Plaintiff's limitations that there are other jobs that exist in significant numbers in the national economy that Plaintiff could perform. (Tr. 25-26). Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Act. (Tr. 27).

## II.    STANDARD OF REVIEW

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not de novo, *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 400. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. *Hays*, 907 F.2d at 1456.

## III.    DISCUSSION

On appeal, Plaintiff asserts the ALJ made two errors in his decision: (1) the decision of the ALJ was constitutionally defective; and (2) the ALJ failed to make specific findings regarding the frequency and duration of Plaintiff's need for bathroom breaks.

Plaintiff contends that where, as here, an ALJ finds that a claimant has an impairment requiring him to have access to a bathroom, the ALJ must make specific findings concerning the

2

frequency and duration of the claimant's need for bathroom breaks. Mr. Bartley testified that his main problem related to his Crohn's was his need for increased bathroom breaks due to more frequent bowel movements ("BMs"). On a good day, he had to use the restroom several times (5-6 times) and on a bad day, he had to go 10-12 times. (AR 48-49). The day before the hearing required several trips, and the day of the hearing, he had only been awake a few hours but had already gone five times. *Id*. His need to use the restroom was unpredictable, he may not have even eaten anything before he had to go and his need to use the restroom was urgent when it occurred. (AR 49). Additionally, Mr. Bartley testified that he had to frequently (several times per day, sometimes several times in an hour) change the padding (gauze) which must be placed in his undergarments due to leakage from his anal fistula; the fistula leaked "24/7" and the leakage was malodorous. (AR 55-57). It usually took him about 5-10 minutes to go into the restroom, clean up and change his padding, although if the leakage was more severe, it could necessitate a shower. *See* AR 56-57. The VE testified that if Plaintiff required 10 to 12 unscheduled, unpredictable and urgent restroom breaks per day, all competitive work activity would be precluded. See AR 65-66.

Despite this testimony regarding both increased BM frequency and the need to visit the bathroom to clean up and change his padding for fistula leakage, the ALJ made no allowance for additional breaks or time off task to use the restroom for BMs and fistula clean up in the RFC. *See* AR 19. The ALJ noted in his decision that Mr. Bartley returned to his gastroenterologist in July of 2020 reporting increased BMs and leakage from his fistula and that he subsequently underwent a colonoscopy that showed multiple erosions in his gastrointestinal ("GI") tract as well as the fistula, but the ALJ only stated that "[t]he undersigned indicated in the RFC that the claimant requires ready access to a restroom." *See* AR 23.

3

Courts have held that ALJs must make specific findings regarding the frequency and duration of a claimant's need for bathroom breaks when GI frequency and/or incontinence are involved in the case. This is because the need to use the restroom excessively could take the individual away from the workstation – and thus off task – too frequently to perform competitive work. *See*, *e.g.*, *Summey v. Berryhill*, No. 1:16-cv-1185-LCB-JEP, 2018 WL 708355, at *3 (M.D.N.C. Feb. 5, 2018) ("Where, as here, an ALJ finds that a claimant has an impairment that requires him to have access to a bathroom, the ALJ should make specific findings concerning the frequency and duration of Plaintiff's bathroom usage." quoting *Binder v. Colvin*, No. 5:12-cv-271-D, 2013 WL 1686306, *3 (E.D.N.C. Mar. 21, 2013) (adopted by 2013 WL 1694678 (E.D.N.C. April 18, 2013)); *Taylor v. Astrue*, No. 7:11-cv-162-FL, 2012 WL 3637254, *11 (E.D.N.C. Aug. 1, 2012); *see also Anders v. Colvin*, No. 1:13-cv-284-GCM, 2015 WL 4656291, at *4-5 (W.D.N.C. Aug. 6, 2015) (remanding where the ALJ failed to explain the functional impact of the claimant's GI issues and how they informed the RFC); *Davis v. Comm'r of Soc. Sec.*, 2011 WL 442118 at *1 (N.D. W. Va. Feb. 2, 2011) (where an ALJ included in claimant's RFC "a required accommodation of placing claimant close to the bathroom," the ALJ erred in failing to include in the RFC "specific findings regarding the frequency and duration of plaintiff's need for the bathroom.").

Indeed, dealing with a similar set of circumstances, the Fourth Circuit rejected the ALJ's approach and held the following in *Dowling v. Comm'r of Soc. Sec.*, 986 F.3d 377 (4th Cir. 2021):

> Obviously, the need to visit the bathroom many times throughout the day impacts one's ability to work. And yet, the ALJ did not analyze Appellant's need for regular bathroom breaks. Instead, the ALJ simply noted that Appellant "accommodate[d] her drainage and accidents by using pads." J.A. 16. That finding misses the point. Pads may keep Appellant's clothes clean and help reduce the potential for embarrassing accidents. However, they do not save Appellant any trips to the

4

bathroom, since the pads need to be changed once they are soiled. On remand, the ALJ should evaluate the frequency at which Appellant needed to use the bathroom and analyze how that restriction impacted her ability to work.

986 F.3d at 384.

The Commissioner argues that the ALJ was not required to make specific findings regarding the frequency and duration of Mr. Bartley's bathroom breaks because the ALJ specifically considered Mr. Bartley's subjective statements concerning the frequency and duration of bathroom breaks, but reasonably concluded that the evidence did not support those statements. However, the ALJ did recognize Mr. Bartley's need for more frequent restroom use than an average person by determining in the RFC that he required "ready access to a restroom." Even if the ALJ did not believe that Mr. Bartley had to use the restroom 10-12 times per day for up to 10 minutes each time, the ALJ still needed to make findings as to how frequently and for what duration he believed Mr. Bartley *did* need to take restroom breaks and then include those numbers in the RFC. This is significant because the VE testified that if his bathroom breaks for increased BMs and for clean-up and pad changes for his anal fistula leakage take him off task 15% or more of the time, then he is disabled from competitive work. *See* AR 65-66.

Remand is appropriate. The ALJ's failure to make specific findings regarding the frequency and duration of Mr. Bartley's need for bathroom breaks leaves the Court with no possibility of determining if that decision is supported by substantial evidence. As the Court is remanding this case, the Court finds it unnecessary to address Plaintiff's constitutional arguments.

5

## IV.    CONCLUSION

The undersigned has carefully reviewed the decision of the ALJ, the transcript of the proceedings, the motions, the briefs, and Plaintiff's assignments of error. Because the ALJ did not properly assess Plaintiff's RFC, the case must be remanded.  Accordingly, Plaintiff's Motion for Summary Judgment will be granted, the Commissioner's Motion for Summary Judgment will be denied, and the decision of the Commissioner will be vacated.

### ORDER

**IT IS, THEREFORE, ORDERED** that

(1)    the decision of the Commissioner, denying the relief sought by Plaintiff, is **VACATED**;

(2)    the Plaintiff's Motion for Summary Judgment (Doc. No. 11) is **GRANTED**; and

(3)    the Commissioner's Motion for Summary Judgment (Doc. 13) is **DENIED**; and

(4)    the matter is hereby **REMANDED** for further consideration as discussed herein.

**SO ORDERED**.

Signed: May 4, 2022

Graham C. Mullen
United States District Judge